**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

          v.                                                12-CR-0287-A
                                                      **DECISION AND ORDER**

MICHAEL DAVID CHAPMAN,

               Defendant.

_____

Defendant Michael Chapman has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] For the reasons stated below, the motion is denied.

## DISCUSSION

On April 25, 2013, the Court sentenced the Defendant principally to 60 months' imprisonment after he pled guilty to one count of violating 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

As relevant here, the Presentence Investigation Report (PSR) prepared for the Defendant's sentencing recommended that the Defendant's base offense level be increased by five levels, pursuant to Guideline § 2G2.2(b)(3)(B), because "the defendant was aware that he was using peer-to-peer file sharing applications and knew (or should have known) that there was the potential for other users to access his files at any given time, including before he deleted them." PSR ¶ 28. The PSR therefore concluded that a five-level enhancement was appropriate because "the offense involved

---

[1] The Defendant filed his motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. However, because the basis for the Defendant's § 2255 petition was an amendment to the U.S. Sentencing Guidelines, the Court *sua sponte* converted the Defendant's petition into a motion bought pursuant to 18 U.S.C. § 3582(c)(2). *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal . . . or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.") (citations omitted).

1

distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." *Id.*

At sentencing, however, the Court concluded that § 2G2.2(b)(3)(B)'s five-level adjustment does not apply in this case. Instead, the Court concluded, based on the facts of this case, the two-level increase at § 2G2.2(b)(3)(F) was appropriate. The Court ultimately concluded that the Defendant's offense level was 30, that his criminal history category was I, and that the corresponding Guidelines imprisonment range was 97 to 120 months' imprisonment.[2] The Court's 60-month sentence was, therefore, the result of a downward variance.

The Defendant has now filed a motion pursuant to 18 U.S.C. § 3852(c)(2) seeking a sentence reduction based on Amendment 801 to the U.S. Sentencing Guidelines. As relevant to the Defendant's § 3582(c)(2) motion, Amendment 801 "addresses differences among the circuits involving application of the tiered distribution enhancements in [Guideline] § 2G2.2," which "provide[] for an increase for distribution of child pornographic material ranging from 2 to 7 levels depending on certain factors." U.S.S.G. Supp. to App'x C, Amend. 801, Reason for Amendment. The Court assumes for purposes of this Decision and Order that Amendment 801 applies retroactively and that it may therefore serve as the basis for a § 3582(c)(2) motion. *But see Gouldman v. United States*, No. 1:16-CV-1394, 2016 WL 7239134, at *2 (W.D. Mich. Dec. 15, 2016).

The Defendant is not eligible for § 3582(c)(2) relief because the Court's original sentence was the result of a downward variance that is *below* the low end of what the amended Guideline range would be if the Court applied Amendment 801 to the

---

[2] The Guideline range was, in fact, 97 months to 121 months, but the statutory-maximum term of imprisonment for the Defendant's offense of conviction is ten years. *See* 18 U.S.C. § 2252A(b)(2). The high end of the Defendant's Guidelines range was therefore 120 months.

2

Defendant's Guidelines calculation.  Except in the case of a defendant who received a downward departure for substantial assistance (something not applicable in this case), the Court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined" under Guideline § 1B1.10(b)(1).  U.S.S.G. § 1B1.10(b)(2)(A) (2016).  Thus, where a court's original sentence was the result of a downward variance from the original Guideline range, § 3582(c)(2) allows the Court to reduce a sentence *only* to the extent that doing so would not lower the Defendant's sentence to a term of imprisonment below the low end of the amended Guideline range.  *See id.* cmt. 3 (second example); *United States v. Erskine*, 717 F.3d 131, 137-38 (2d Cir. 2013) (noting that Guideline § 1B1.10 "prohibit[s] further reductions based on certain earlier-applicable variances or departures").

Here, if the Court granted the Defendant's § 3582(c)(2) motion and, as a result, did not apply § 2G2.2(b)(3)(F)'s two-level enhancement, the Defendant's total offense level—keeping all other calculations the same, *see* U.S.S.G. § 1B1.10(b)(1)—would be 28.  With a criminal history category of I, the Defendant's Guideline imprisonment range would be 78 to 97 months.  The low end of the Defendant's amended Guideline range would, then, be *higher* than the 60-month sentence the Court originally imposed.  The policy statement at § 1B1.10(b)(2)(A) would therefore prohibit the Court from giving the Defendant a sentence lower than the sentence the Court already imposed.

The Defendant is therefore ineligible for § 3582(c)(2) relief.  His motion for a sentence reduction is accordingly denied.

**SO ORDERED.**

Dated: April 28, 2017                                    __*s/Richard J. Arcara*_____
      Buffalo, New York                              HONORABLE RICHARD J. ARCARA
                                                         UNITED STATES DISTRICT JUDGE